IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard W. Faust, ) | |
| ) | |
| Plaintiff, ) | C/A No. 0:08-00667-RBH-PJG |
| ) | |
| v. ) | |
| ) | |
| Barney Barnes, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendant's motion for summary judgment. (Docket Entry 13.) The plaintiff, Richard W. Faust ("Faust"), a former pretrial detainee proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendant, who appears to be responsible for running Dorchester County Detention Center ("DCDC"), violated his constitutional rights. Essentially, Faust complains that while he was a pretrial detainee at DCDC, he was denied outdoor recreation from January 9, 2008 until February 9, 2008 and, as a result, suffered mentally and physically. (Compl., Docket Entry 1 at 4.)

**PROCEDURAL HISTORY**

The defendant has moved for summary judgment. (Docket Entry 13.) By order of this court filed May 21, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Faust was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 14.) Faust timely filed a response in opposition to the defendant's motion for summary judgment. (Docket Entry 16.) The motion is now before the court for a Report and Recommendation.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence

of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

In his complaint, Faust contends that while Defendant Barnes was the Chief Jailer at DCDC Faust was denied outdoor recreation from January 9, 2008—the date that he entered DCDC—until February 9, 2008. Further, in Faust's response to the defendant's motion for summary judgment, he restates that he was denied outdoor recreation from January 9, 2008 until February 9, 2008 and further adds that he participated in outdoor recreation for the first time on March 20, 2008. Therefore, it appears that Faust alleges that he was denied outdoor recreation for approximately seventy-one days. Faust asserts that he has suffered physically because he did not receive proper exercise and essential vitamins from the sun and, further, that he has suffered mentally. Faust requests punitive damages for the alleged violation of his constitutional rights.

**A.     Exhaustion**

As an initial matter, the defendant contends that this matter should be dismissed because Faust has not exhausted his administrative remedies, as required by the Prison Litigation Reform Act, specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[1] To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001).

---

[1] Pretrial detainees are specifically included in this requirement pursuant to § 1997e(h), which defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."

Page 3 of 8



The defendant has submitted the affidavit of Wanda Taylor, the Operations Lieutenant Detention Supervisor at DCDC.  (See Docket Entry 13-3.)  Taylor attests that she has held her position since April 2006, and, as part of administrative support duties, she gathers documents for an inmate's file.  Taylor attests that "[a]ll grievance forms submitted by an inmate are processed and acted upon and then permanently filed in the inmate's personnel file."  (Id. ¶ 3.)  Faust claims that he filed two grievances concerning the claim in this case, one on January 20, 2008 and one on January 28, 2008.  (Compl., Docket Entry 1 at 2.)  Taylor asserts that she made a diligent search and examination of Faust's personnel file and could not locate grievance forms filed on either of those two dates.  However, Taylor attests that she located one grievance form, dated February 5, 2008, that states, "The few min [sic] of walking out on the rock is a joke.  Not being aloud [sic] fresh air is wrong[;] it takes no more man power to take us out that [sic] it does to leave us in."  In response, Taylor attests that Captain Van Doran responded on February 6, 2008 and stated, "Mr. Faust, it takes at least 5 dedicated officers to perform outside rec[reational].  I will allow outside rec[reation] as manpower is available."  Taylor attests that Faust did not file or submit any other grievances or complaints about outdoor recreation.  Taylor attests that Faust did not exhaust his remedies concerning this complaint.  Taylor avers that under the DCDC procedures, inmates are also "encouraged" to submit an Inmate Request Form for assistance concerning any perceived problems, needs, or suggestions.  Taylor attests that Faust's file does not contain any Request Forms regarding the lack of outside recreation.

Although the defendant contends that Faust did not file any grievance concerning the matters in this complaint, the court finds that Faust's February 5 grievance relates to the lack of outdoor



time, which is the substance of this § 1983 action. Therefore, the court will not recommend summary judgment on this ground.

**B.     Conditions of Confinement**

Conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). Further, the proper inquiry is whether Faust's conditions or restrictions of confinement amounted to punishment before a proper determination of guilt. Bell, 441 U.S. at 536-37;  Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." Bell, 441 U.S. at 537. To determine whether a particular condition or restriction of confinement is constitutionally impermissible "punishment," the proper inquiry is whether it was "(1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." Martin, 849 F.2d at 870.

In this case, there is no indication, and Faust does not allege, that recreation was denied with any intent to punish. Therefore, the inquiry is whether the denial of outdoor recreation is related to a legitimate nonpunitive governmental objective. The administrators of facilities "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment[s] are needed to preserve internal order and discipline and to maintain institutional security." Bell, 441 U.S. at 547. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if



they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540.

In this case, the response to Faust's grievance stated that outdoor recreation would be permitted when there was sufficient manpower, an explanation that relates to maintaining jail security. (See Taylor Aff. ¶ 3, Docket Entry 13-3 at 2.) Further, Faust states he was permitted outdoor recreation time on March 20, 2008, which is consistent with this statement. (See Docket Entry 16.) Additionally, the unrefuted evidence shows that DCDC has a large indoor recreation area that Faust had access to that is 2,750 square feet, while the outside recreation yard is 1,400 square feet. It further shows that Faust had the option to perform exercises of his choosing in the indoor recreation area and that if Faust stayed in his room, it was done voluntarily because he was not restricted to his room. Taylor asserts that there have been times when "outdoor recreation was curtailed because of staff shortages, as stated in the Sheriff's Office Inmate Hand Book and Code of Conduct but these were very few and, in such event, the inmates always could exercise and recreate in the indoor day room." (Taylor Aff. ¶ 7-8, Docket Entry 13-3 at 4.) Accordingly, viewing the evidence in the light most favorable to Faust, there is no evidence that denying Faust outdoor recreation rose to the level of a constitutionally impermissible punishment in violation of the Fourteenth Amendment.

Moreover, Faust has not alleged a compensable injury for which he may recover under 42 U.S.C. § 1983. Faust seeks punitive damages based upon the denial of outdoor recreation for a period of time. Faust asserts that he has suffered physically from the lack of sun and that he has suffered mentally. Although he claims that he was injured mentally and physically alleging that he did not receive proper exercise and essential vitamins, Faust has not alleged or provided any

evidence of physical injury. Without a physically injury, Faust's allegations are not compensable under federal law. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Further, if any injury did occur, it was *de minimis*. See Riley v. Dorton, 155 F.3d 479 (4th Cir. 1998) (stating that "under the Fourteenth Amendment 'there is, of course, a *de minimis* level of imposition with which the Constitution is not concerned'") (quoting Ingraham v.Wright, 430 U.S. 651, 674 (1977)).

## RECOMMENDATION

Accordingly, the court recommends that the defendant's motion for summary judgment (Docket Entry 13) be granted.

*[signature: Paige J. Gossett]*
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 13, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).